UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SAMIR AHMAD EL MASRI,**

    **Plaintiff,**

v.                                          Case No.  8:03-cv-1978-T-30MSS

**JACQUES CHRYSOCHOOS a/k/a
JACQUES CHRYSOSCHOOS, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Chrysochoos' Motion to Dismiss With Prejudice for Failure to Prosecute (Dkt. #191).  The Court, having considered the record, Defendant's motion, memorandum, and being otherwise advised in the premises, finds that Defendant's motion should be granted in part and denied in part.

On June 3, 2005, this Court entered an Order (Dkt. #175) granting Defendant's Motion to Compel Arbitration.  This case was stayed for a period of six months, the parties were directed to submit to arbitration and to notify the Court when arbitration was completed. It appears from a review of the record that Plaintiff failed to submit this matter to arbitration within the six month time period provided by this Court.

Subsequently, on January 17, 2006, Plaintiff's legal counsel withdrew from this case. Plaintiff has not hired substitute counsel, although this Court has allowed sufficient time to

do so. Other than the withdrawal of Plaintiff's counsel, there has been no other record activity by Plaintiff since April 27, 2005.

On June 2, 2006, this Court enter an Order (Dkt. #188) allowing Plaintiff another 90 day extension to submit this matter to arbitration. In the June 2, 2006 order, this Court warned Plaintiff that failure to submit this matter to arbitration would result in the dismissal of this case for failure to prosecute. As of the date of this Order, Plaintiff has not filed a notice of arbitration or any other pleading indicating that Plaintiff has submitted this matter to arbitration.

On September 8, 2006, Defendant filed a Motion to Dismiss for Lack of Prosecution With Prejudice (Dkt. #191). Plaintiff did not respond to Defendant's motion. As a result, on October 6, 2006, this Court issued another Order to Show Cause (Dkt. #192) directing Plaintiff to file a response to Defendant's motion or show cause why the Court should not dismiss this case for failure to prosecute. As of the date of this Order, Plaintiff has not responded to Defendant's motion, or this Court's Order to Show Cause (Dkt. #192). Further, there has been no other record activity on the part of Plaintiff since April 27, 2005, other than the withdrawal of Plaintiff's legal counsel.

This Court has warned Plaintiff on at least two separate occasions (Dkts. #188 and #192) that failure to submit this case to arbitration would result in the dismissal of this case for failure to prosecute. Plaintiff has repeatedly failed to submit this matter to arbitration or

otherwise prosecute this case. Accordingly, the Court concludes that this case should be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b).[1]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Chrysochoos' Motion to Dismiss With Prejudice for Failure to Prosecute (Dkt. #191) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. This case is dismissed without prejudice.

3. The Clerk is directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-1978.mtd 191.wpd

---

[1] Rule 41(b) provides, in pertinent part: "[A] dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."